UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION
CASE NO. 3:23-cv-00453-MCR-HTC

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY, et al.,

    Plaintiffs,

v.

PORTOFINO MASTER HOMEOWNERS
ASSOCIATION INC., a Florida not-for-
profit Corporation, et. al.,

    Defendants.

_____

## PLAINTIFFS' DAUBERT MOTION TO EXCLUDE EXPERT TESTIMONY OF PAUL MIDDLETON AND INCORPORATED SUPPORTING MEMORANDUM OF LAW

Plaintiffs Westchester Surplus Lines Insurance Company, Arch Specialty Insurance Company, AXIS Surplus Insurance Company, Colony Insurance Company, Evanston Insurance Company, Aspen Specialty Insurance Company, Independent Specialty Insurance Company, Interstate Fire & Casualty Company, Lloyd's of London (Consortium #9226), James River Insurance Company, Maxum Indemnity Company, Landmark American Insurance Company, and Homeland Insurance Company of New York (collectively "plaintiffs") submit this motion to exclude the opinion testimony of Paul Middleton ("Middleton") with an

incorporated supporting memorandum of law, respectfully showing the Court as follows:

Defendants have presented Middleton as a purported expert on the appraisal process. Middleton's deposition testimony however reveals that he is not qualified to serve as an expert and his opinions are unreliable. Middleton failed to use a reliable methodology, or a methodology outside of his own experience and *ipse dixit*. When pressed, Middleton conceded that part of his expert report possibly was derived from ChatGPT or from copying and pasting from defendants' legal counsel. Middleton also did not reliably apply his methodology to the facts of the case. By way of example only, Middleton had to change his opinion and admit during his sworn deposition that plaintiffs did, in fact, timely object to the appraisal process by filing the present lawsuit. Moreover, Middleton applied for and obtained his independent adjuster's license without disclosing his prior felony conviction. Accordingly, Middleton should be excluded from testifying as an expert witness in this case.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE

**I. Middleton's Opinions Should Be Excluded Under *Daubert* and Rule 702**

    **A. The Standard to Be Applied**

Federal Rule of Evidence 702 governs the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise, if
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based upon sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), the federal district courts are "gatekeepers" charged with ensuring that the proffered expert testimony is relevant and reliable. The overarching goal of *Daubert's* gatekeeping requirement is to ensure that an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 at 152 (1999). "Courts are cautioned not to admit speculation, conjecture, or inference that cannot be supported by sound scientific principles." *Hendrix ex rel. G.P. v. Evenflo Co. Inc.*, 609 F.3d 1183, 1194 (11th Cir. 2010) (quoting *Rider v. Sandoz Pharms. Corp.*, 295 F.3d 1194, 1202 (11th Cir. 2002)).

Trial courts are allowed "substantial discretion in deciding how to test an expert's reliability." *Rink v. Cheminova, Inc.,* 400 F.3d 1286, 1292 (11th Cir. 2005) (*quoting United States v. Majors*, 196 F.3d 1206, 1215 (11th Cir. 1999)). Further, the "court may exclude expert testimony that is 'imprecise and unspecific,' or whose

factual basis is not adequately explained." *Edwards v. Shanley*, 580 F. App'x 816, 823 (11th Cir. 2014) (*quoting Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1111 (11th Cir. 2005)). If the expert predicates his testimony on an assumption that is belied by the evidence, the expert's testimony is properly excluded. *Ferguson v. Bombardier Servs. Corp.*, 244 F. App'x. 944, 949 (11th Cir. 2007).

"The burden of laying the proper foundation for the admission of expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence." *Allison v. McGhan Med. Corp.,* 184 F.3d 1300, 1306 (11th Cir. 1999) (*citing Daubert,* 509 U.S. at 592 n.10); *Bourjaily v. United States*, 48 U.S. 171, 175-76 (1987). Further, the non-movant in response to a *Daubert* motion is not entitled to have the court resolve disputed issues of fact in the non-movant's favor, as in a summary judgment motion, since the issue of whether an expert's testimony is admissible is not an issue of fact. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997).

"Both scientific and nonscientific expert testimony is subject to the *Daubert* framework, which requires a trial court to make a preliminary assessment to 'determine whether the expert testimony is both reliable and relevant.'" *Lighthouse Ranch for Boys, Inc. v. Safepoint Ins. Co.*, No. 22-1988, 2023 U.S. Dist. LEXIS 49183 at *4 (E.D. La. Mar. 23, 2023) (*quoting Burleson v. Tex. Dep't of Crim. Just.*,

4

393 F.3d 577, 584 (5th Cir. 2004) and *citing Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999)).

### B.  Middleton Is Not Qualified

An expert witness must be qualified. Fed. R. Evid. 702 ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion"). As support for his purported qualifications, Middleton represents in his report that "[he] h[as] been active in the insurance claims field for over 34 years." (Middleton Report, Exhibit 3 to his Deposition Transcript attached as Exhibit "1" to this motion at p. 2). He represents that this experience includes approximately twenty-four years as an independent adjuster licensed in the state of Florida. (Ex. 1, Middleton Report). As set forth in more detail below, all of Middleton's opinions are based solely on his experience in the insurance claim field.

Middleton's misrepresentations notwithstanding, Middleton is not qualified to testify as an expert witness because he lied about his criminal history on his application for an independent adjuster's license. Specifically, Middleton was convicted of felony possession of cocaine with intent to deliver in Harris County, Texas in 1985. (Certified Copy of Conviction attached hereto as "Exhibit 2;" ███████████████████████████████████████████████████████; Documents from the Florida Department of Financial Services attached to this

motion as Exhibit "4" at pp. 42, 44, 47, 73).[1] After serving thirteen months in prison for the conviction, Middleton applied for and received his Florida independent adjuster's license in 1990. (███████████████████████████████; Ex. 4 at pp. 2, 44, 53). As part of the application process, Middleton was required to disclose his felony conviction, but he failed to do so. (███████████████████████████; Ex. 4 at p. 178). In fact, Middleton's application for his independent adjuster's license provides as follows:

> "8. Have you ever been charged with felony? NO."

(Ex. 4 at p. 178). The follow-up questions for date, crime, location, and the plea or conviction were all left blank. (*Id.*). Middleton was therefore issued an independent adjuster's license in Florida based on that lie and continued to renew it each year based on that lie.

If Middleton had honestly disclosed his felony conviction, he would not have received an independent adjuster's license. Indeed, the Florida Department of Insurance denied Middleton's subsequent application for a public adjuster's license in 2018 when he disclosed his criminal felony conviction. (*Id.* at pp. 2, 42, 44, 47). The State's Notice of Denial specifically lists his first-degree felony and sentence of

---

[1] Plaintiffs are filing a motion to determine whether the Third-Rail Deposition of Paul Middleton should be submitted under seal. As a result, those citations are redacted for the time being. Once the Court rules on the motion to file under seal, plaintiffs will file an unredacted version under seal or publicly based on the Court's ruling.

ten years as the basis for denying his application for a public adjuster's license. (*Id*. at p. 73).

Having obtained his independent adjuster's license in Florida through fraud and continuing to renew it each year, Middleton should not be considered qualified to serve as an expert witness in this matter when he is relying on that experience to buttress his unfounded opinions in this case.[2] *See George v. Hampton Ventures, LLC*, No. 18-21217, 2019 Bankr. LEXIS 727 at *3 n.1 (Bankr. D. Conn. Mar. 5, 2019) (excluding expert based on issue with his state license). "This proves fatal, as the 'proponent of expert testimony always bears the burden to show that [her] expert is qualified to testify competently regarding the matters he intend[s] to address[.]'" *Polk v. Gen. Motors LLC*, 2024 WL 326624, at *8 (M.D. Fla. Jan. 29, 2024) (*citing United States v. Frazier,* 387 F.3d 1244, 1260 (11th Cir. 2004)).

---

[2] Because Middleton misrepresented his qualifications to even obtain his adjuster's license, he should not be permitted to supplant a viable methodology by relying upon his so-called qualifications in this industry. *Contra. Decamp v. State Farm Fire & Cas. Co*., 558 F. Supp. 3d 1196, 1201 (M.D. Fla. Sept. 7, 2021) (finding that expert could rely on his experience in the insurance industry to support his methodology and discuss what he encountered in the industry); *Iaffaldano v. Sunwest Mortgage Co*., No. 17-CV-14222, 2018 WL 310050, *2 (S.D. Fla. Jan. 4, 2018) (agreeing that that the only methodology the insurance industry expert needed when relying on his education and experience was to review the applicable statutes, rules, and regulations to form opinions).

### C.  Middleton Failed to Use a Reliable Methodology, or Any Methodology, Outside of His Own Experience and *Ipse Dixit*

Assuming the Court recognizes Middleton as an expert, it should nonetheless exclude his opinion as unreliable. Defendants retained Middleton as a purported expert on the appraisal process. (Middleton Deposition attached to this motion as Exhibit "5" at 206:4-7). However, Middleton reached his conclusions and opinions based solely on his "experience" and without applying any methodology at all.

> Q. Sure. So what my question was, what methodology are you relying on when you offer the opinion that "Experts in general are well experienced in recognizing the difference between lack of maintenance and hurricane damage"?
> A. Professional experience.

(*Id*. at 164:13-18).[3]

Middleton did not cite a treatise, regulation, or published industry standard. Of course, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Joiner*, 522 U.S. at 146. Expert opinions however "must be connected to existing data by something more than the 'it is so because I say it is so' of the expert." *Cosseboom v. Royal Caribbean Cruises Ltd.*, No. 1:20-cv-20343-UU,

---

[3] *See also id*. at 54:2-8 ("From my prior experience…"); 125:22-126:12 (opinion in report "[b]ased on my extensive experience"); and 152:12-14 (another opinion "based on experience").

2020 U.S. Dist. LEXIS 252784 at *11 (S.D. Fla. Dec. 16, 2020).[4] The proponent of the expert testimony cannot establish admissibility "merely by the ipse dixit of an admittedly qualified expert." *U.S. v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004).

The only "source" Middleton cited was case law provided to him by defendants' legal counsel, Edward P. Fleming. Mr. Fleming gave Middleton copies of *Mont Claire v. Empire* and *St. Lucia v. Lexington*, cited in his report, despite the fact that Middleton did not request any case law. (*Id*. at 51:12-23). Middleton confirmed that a section of his report comes from one of the two cases he was given, "probably" the *Mont Claire* case. (*Id*. at 112:15-19).

Middleton has no training as a paralegal or a lawyer. (*Id*. at 51:24-52:1). Middleton is not familiar with the phrases "*id*." or "report and recommendation adopted" or "internal citations omitted," and yet those terms appear in his expert report nonetheless. (*Id*. at 114:6-115:1). Faced with this contradiction, Middleton testified that maybe he obtained it from ChatGPT. (*Id*. at 115:8-23). Middleton also conceded that Catherine De la Cruz of Mr. Fleming's office created the "framework" for his report. (*Id*. at 51:3-8; 203:1-5).

> Q. Okay. Could it be that someone else maybe sent something that you copy and pasted into this report?
> A. It is possible.
> Q. Who would have sent that to you?

---

[4] *Citing Holesapple v. Barrett*, 5 F. App'x 177 (4th Cir. 2001); *Slaughter v. Southern Talc. Co.*, 919 F.2d 304, 307 (5th Cir. 1990).

>   A. All of the documentation I got came from Mr. Fleming's office or in my own library.

(*Id.* at 117:3-9).[5] It is beyond cavil that expert opinions derived from ChatGPT or copied and pasted from counsel should be excluded. At that point, Middleton is truly left with nothing but his own *ipse dixit* and is merely being used as a conduit for inadmissible hearsay. This Court should not allow Middleton to testify as an expert witness in this matter under Fed. R. Evid. 702(c).[6]

### D. Middleton Did Not Reliably Apply His Methodology to the Facts of the Case

To the extent that experience alone can serve as Middleton's methodology, he still failed to reliably apply that to the facts of the case. During his deposition, Middleton essentially conceded that some of the opinions contained in his report were simply incorrect, which require them to be amended or dropped. For example, Middleton incorrectly opined on page 9 of his report that plaintiffs "failed to object to the appraisal process until after the conclusion of the hearings" and "waited to see what the awards would be without asking for additional hearings, or objecting to the Panel proceeding." (Ex. 1, Middleton Report). In his deposition, Middleton further

---

[5] Middleton's office manager Lisa Milstead also helped him write the report, but only with the formatting. (Middleton Dep. at 123:7-9, 125:13-16).

[6] An expert cannot offer "subjective belief" or his "narrative of the events at issue offered in the guise of expert testimony" because they "are not helpful to the jury." *Keystone Transp. Sols., LLC v. Nw. Hardwoods, Inc.*, No. 5:18-cv-00039, 2019 U.S. Dist. LEXIS 67103 at *18-19 (W.D. Va. Apr. 19, 2019) (*citing Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017)).

erroneously opined that plaintiffs failed to object "before the appraisal awards were rendered." (Ex. 5, Middleton Dep. at 92:9-15).

Upon learning that plaintiffs filed the present lawsuit in January 2023, which was before the first appraisal award was issued in February 2023, Middleton conceded he was wrong. (*Id.* at 94:1-12, 94:21-95:1). The appraisal ended "[w]hen the appraisal awards were executed." (*Id.* at 201:9-12). Middleton agrees that a lawsuit challenging the appraisal is an objection to that appraisal. (*Id.* at 201:22-25). Noting that the insurers filed suit on January 12, 2023 and "the appraisal awards didn't come out until later in the year," Middleton acknowledges the insurers "did object." (*Id.* at 202:17-25).

Middleton then inaccurately opined on page 10 of his report that plaintiffs failed to properly notify umpire Jon Doan about the dispute over the document dump. (Ex. 1, Middleton Report). In his deposition, Middleton doubled down and testified as follows:

- The document production issue was not raised until a short time before the umpire hearing. (Ex. 5, Middleton Dep. at 97:9-23).

- Pat Lewis, as appraiser for Plaintiffs, did not bring the document production issue to the panel, and it "was new information for the umpire." (*Id.* at 96:9-19).

- The document production issue "was certainly outside the appraisal process." (*Id.* at 101:15-102:7).

At the end of this line of questioning, Middleton testified that plaintiffs did not share the document request with umpire Doan back in August 2021. (*Id.* at 238:17-24).

After reviewing page 4 of Exhibit 5, Middleton was forced to acknowledge he was wrong, changing his answer to "Wow. Mr. Doan was copied on that. All right." (*Id.* at 232:16-233:6, 238:25-239:5). An expert should not be considered reliable when his official report cannot withstand the scrutiny of deposition questioning and is shown to contain inaccuracies, errors, and incorrect statements.

If there are admissions to change or drop key opinions, it is evidence of an unreliable expert. "[T]rial judges may evaluate the data offered to support an expert's bottom-line opinions to determine if that data provides adequate support to mark the expert's testimony as reliable." *Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.*, 161 F.3d 77, 81 (1st Cir. 1998). As such, this Court should exclude Middleton from testifying as an expert, not just exclude the specific opinions that are admittedly incorrect. Middleton's testimony is not based upon sufficient facts or data under Fed. R. Evid. 702(b), and he did not reliably apply the principles and methods to the facts of the case under Fed. R. Evid. 702(d).

## **CONCLUSION**

For the reasons discussed above, this Court should enter an order precluding Paul Middleton from testifying as an expert witness in this case.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to N.D. Fla. Local Rule 7.1(B) and (C), counsel for plaintiffs conferred with counsel for the defendants on October 23, 2024. Defendants oppose the relief sought in this motion.

## CERTIFICATE OF COMPLIANCE

This submission does not exceed the word count limit imposed by Local Rule 7.1(F). The word count of the word-processing system used to prepare the memorandum shows 2757 words.

Respectfully submitted this 25th day of October, 2024.

> */s/ Elizbeth D. Salinas*
> ELIZABETH D. SALINAS
> Florida Bar No. 113394
> MOZLEY, FINLAYSON & LOGGINS LLP
> 4767 New Broad Street
> Orlando, FL 32814
> (407) 514-2765 Ext. 2317
> esalinas@mfllaw.com
>
> -and-
>
> WAYNE D. TAYLOR
> Georgia Bar No. 701275
> *Admitted pro hac vice*
> MOZLEY, FINLAYSON & LOGGINS LLP
> 1050 Crown Pointe Parkway, Suite 1500
> Atlanta, GA 30338
> Tel: (404) 256-0700
> wtaylor@mfllaw.com

*Counsel for Plaintiff Landmark American Insurance Company*

*/s/ David C. Bibb*
David C. Bibb (Fla. Bar No. 190330)
**ROLFES HENRY CO., LPA**
3165 McCroy Place, Suite 174
Orlando, FL  32803
Telephone:  (407) 284-4990
dbibb@rolfeshenry.com


Brian P. Henry, Esq.
Fla. Bar No. 0089069
**ROLFES HENRY CO., LPA**
5577 Broadcast Court
Sarasota, FL  34240
Telephone:  (941) 684-0100
bhenry@rolfeshenry.com
kdeglman@rolfeshenry.com

*Counsel for Plaintiffs Independent Specialty Insurance Company, Interstate Fire & Casualty Company, and Lloyd's of London*

*/s/ Jack R. Reiter*
Jack R. Reiter, Esq.
Florida Bar No.: 0028304
jack.reiter@gray-robinson.com
Jordan S. Kosches, Esq.
Florida Bar No.: 49881
jordan.kosches@gray-robinson.com
**GrayRobinson, P.A.**
333 SE 2nd Avenue, Suite 3200
Miami, FL  33131
Telephone:  (305) 416-6880

*Counsel for Plaintiff Colony Insurance Co.*

/s/ Aaron Konstam
**ERIC A. HILLER**
Florida Bar No. 27920
eric.hiller@kennedyslaw.com
**AARON KONSTAM**
Florida Bar No. 104765
aaron.konstam@kennedyslaw.com
**BRYAN M. WALSH**
Florida Bar No. 1019565
Bryan.walsh@kennedyslaw.com
**JUNAID N. SAVANI**
Florida Bar No. 88816
Junaid.savani@kennedyslaw.com
**ILIRIANA FETEJA**
Florida Bar No. 1039423
Iliriana.Fteja@kennedyslaw.com
**Kennedys CMK LLP**
1111 Brickell Avenue, Suite 1300
Miami, FL 33131
Telephone: (305) 371-1111

*Counsel for Plaintiff James River Insurance Company*

/s/ Heidi Hudson Raschke
Heidi Hudson Raschke
Florida Bar No. 61183
hraschke@carltonfields.com
Madison E. Wahler
Florida Bar No. 1019015
mwahler@carltonfields.com
**CARLTON FIELDS, P.A.**
4221 W. Boy Scout Blvd, Suite 1000
Tampa, Florida 33607
Telephone: 813-223-7000

-and-

Amanda D. Proctor (*admitted pro hac vice*)
Georgia Bar No. 776848

**CARLTON FIELDS, P.A.**
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309
Telephone: 404-815-3400
aproctor@carltonfields.com

*Counsel for Plaintiff Homeland Insurance Company of New York*


*/s/ John David Dickenson*
John David Dickenson
Florida Bar No. 575801
jdickenson@cozen.com
Alexandra J. Schultz
Florida Bar No. 122100
aschultz@cozen.com
Juan P. Garrido
Florida Bar No. 118678
jgarrido@cozen.com
**COZEN O'CONNOR**
1801 N. Military Trail, Suite 200
Boca Raton, FL  33431
Telephone:  (561) 515-5250

*Counsel for Plaintiffs Westchester Surplus Lines Insurance Company, Arch Specialty Insurance Company, AXIS Surplus Insurance Company, Evanston Insurance Company, Aspen Specialty Insurance Company, and Maxum Indemnity Company*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed ***Plaintiffs' Daubert Motion To Exclude Expert Testimony of Paul Middleton and Incorporated Supporting Memorandum of Law*** with the Clerk of the Court using the Court's CM/ECF System, which will automatically send a copy of same to the following counsel of record:

Heidi Hudson Raschke, Esq.
Madison E. Wahler, Esq.
Amanda D. Proctor (*admitted pro hac vice*)
**CARLTON FIELDS, P.A.**
hraschke@carltonfields.com
mwahler@carltonfields.com
aproctor@carltonfields.com
*Counsel for Plaintiff Homeland Insurance Company of New York*

Jack R. Reiter, Esq.
Jordan S. Kosches, Esq.
**GRAY ROBINSON, P.A.**
jack.reiter@gray-robinson.com
jordan.kosches@gray-robinson.com
*Counsel for Plaintiff Colony Insurance Company*

David C. Bibb, Esq.
Brian P. Henry, Esq.
**ROLFES HENRY CO., LPA**
dbibb@rolfeshenry.com
wgonzalez@rolfeshenry.com
bhenry@rolfeshenry.com
kdeglman@rolfeshenry.com
*Counsel for Plaintiffs Independent Specialty Insurance Company, Interstate Fire & Casualty Company, and Lloyd's Of London*

Eric A. Hiller Esq.
Aaron Konstam, Esq.
Bryan M. Walsh, Esq.
Junaid N. Savani, Esq.
Iliriana Feteja, Esq.
**KENNEDYS CMK LLP**
eric.hiller@kennedyslaw.com
aaron.konstam@kennedyslaw.com
bryan.walsh@kennedyslaw.com
Junaid.savani@kennedyslaw.com
Iliriana.Fteja@kennedyslaw.com
*Counsel for Plaintiff James River Insurance Company*

| | |
|---|---|
| John David Dickenson, Esq.<br>Alexandra J. Schultz, Esq.<br>Juan P. Garrido, Esq.<br>**COZEN O'CONNOR**<br>jdickenson@cozen.com<br>aschultz@cozen.com<br>jgarrido@cozen.com<br>*Counsel for Plaintiffs Westchester Surplus Lines Insurance Company, Arch Specialty Insurance Company, Axis Surplus Insurance Company, Evanston Insurance Company, Aspen Specialty Insurance Company, and Maxum Indemnity Company* | Edward P. Fleming, Esq.<br>Matthew A. Bush, Esq.<br>Aaron T. McCurdy, Esq.<br>**MCDONALD FLEMING, LLP**<br>epfleming@pensacolalaw.com<br>cat@pensacolalaw.com<br>mabush@pensacolalaw.com<br>bushservice@pensacolalaw.com<br>amccurdy@pensacolalaw.com<br>absomerset@pensacolalaw.com<br><br>Kurtis Jay Keefer<br>**GOEDE, DEBOEST & CROSS, PLLC**<br>kkeefer@gadclaw.com<br>curbanowski@gadclaw.com<br><br>Charles F. Beall, Jr., Esq.<br>**MOORE, HILL & WESTMORELAND, P.A.**<br>cbeall@mhw-law.com<br>tstokes@mhw-law.com<br>*Counsel for Defendants* |

This 25th day of October, 2024.

*/s/ Elizabeth D. Salinas*
ELIZABETH D. SALINAS
Florida Bar No. 113394