# COMPOSITE EXHIBIT "3"



June 11, 2021

***SENT VIA E-MAIL TO: PLEWIS@ICS-LLCINC.COM***
Independent Consulting Services
Patrick Lewis
70 Lawton Ave.
Oviedo, FL 32765

| RE: | Insured: | Portofino Master Homeowners Association at Pensacola Beach, Inc. |
|---|---|---|
| | Location of Loss: | 10 Portofino Drive, Gulf Breeze, FL 32561 |
| | Policy Number: | ESP30000298003 |
| | Claim Number: | 10296559 |
| | Date of Loss: | September 16, 2020 |

Dear Mr. Lewis:

As you know, I have been named by the insured/insureds to serve as their appraiser for the claim referenced above.

I am requesting that you please provide our office with a certified copy of the insured's policy for the loss period including any specific exclusions, endorsements, and/or deductible information to insure accuracy in the appraisal process.

Additionally, I am requesting a copy of the underwriting file for this loss including any documents related to prior losses and claims, and any inspection reports showing the condition of the property before and/or after the loss. This documentation is being requested so we may ensure that only damages resulting from the above referenced loss are addressed. Please forward a copy of the requested documents/information to my office address provided herein.

Kindest regards,

Signed in absence
to avoid delay

George W. Keys, SPPA
For the Firm
As Dictated, Not Read
GK/tr/aa
Enclosure: Appraisal Agreement
Cc: Insured

    

70 Lawton Avenue
Oviedo FL 32765

info@lewisclaimsolutions.com

407-466-6626 (O) 407-353-0266 (Res)

August 17, 2021

Lewis Claim Solutions, LLC
70 Lawton Ave
Oviedo, FL 32765

| RE: | Insured: | Portofino Master Homeowner's Association at Pensacola Beach, Inc |
|---|---|---|
| | Location of Loss: | 10 Portofino Drive, Gulf Breeze, FL 32561 |
| | Policy Number: | ESP30000298003 |
| | Claim Number: | 10296559 |
| | Date of Loss: | September 16, 2020 |

Dear Mr. Keys,

I see that within the letters you've sent, you are requesting a certified copy of the insurance policy. I do not have a certified copy of the policy, and will make a request of my client. Concerning your second request for the underwriting file – I do not have access to these files, as they are held by the Insurer. I also request copies of any inspection report showing condition of the property before or after the loss to include but not limited to inspection reports, damage reports, photographs, repair/rebuild estimates, any knowledge of prior claims and associated documentation, incurred invoices for repair after the storm. I would suggest that we agree for the documents requested from both of us to a mutual deadline for submission to the Appraisal Panel. This seems like a reasonable solution. Please let us know if this meets with your approval. I also request access to all Condominium Association meeting notes, from the time the building was built, through current. This may be as simple as providing us with access to any online files, portals, or sites where these may be stored. The purpose of this request is to see the history of construction issues, maintenance, repairs, causation of issues unrelated to this storm (Hurricane Sally), and potential incurred costs from Hurricane Sally as determined by the Board of Directors of the Association.

Sincerely,

*Patrick E. Lewis*

Patrick E. Lewis
CEO
407-466-6626
plewis@ics-llcinc.com

**From:** George Keys
**To:** Pat Lewis
**Cc:** Tim Rothring; Jon Doan
**Subject:** Re: Portofino Appraisal
**Date:** Tuesday, August 31, 2021 12:36:12 PM

---

Pat

The Appraisal process is not a discovery process. All of the needed documents should have been asked for prior to going to Appraisal. As far as I know the docs were requested and given but I have no idea. It is not my place to ask for such documents. May I refer you to legal counsel for Portofino and perhaps you can ask him. Thanks

Kindest regards,

**George W. Keys, Jr., SPPA**
For the Firm
Keys Claims Consultants, LLC
Bayfront Professional Center
1333 3rd Ave. South
Suite 407
Phone: 239-774-5040
Fax: 239-774-4027
**Email: georgekeys@keysclaims.com**
**Web: www.keysclaims.com**
**George Wilton Keys, Jr., SPPA**
FL Public Adjusters License #A140365
CO Public Adjusters License #370084
TX Public Adjusters License #1553539
**Keys Claims Consultants, LLC**
TX License# 1553540
CO License# 497644

null

This e-mail may be privileged and/or confidential, and the sender does not waive any related rights and obligations. Any distribution, use or copying of this email or the information it contains by other than the intended recipient is unauthorized. Please advise me immediately by return e-mail or otherwise if you receive this e-mail in error. We do not guarantee that this material is free from viruses or any other defects although due care has been taken to minimize the risk.

On Aug 31, 2021, at 12:13 PM, Pat Lewis <plewis@ics-llcinc.com> wrote:

Hi George,

I would like to request access to all Condominium Association meeting notes, from the time the building was built, through current. This may be as simple as providing us with access to any online files, portals, or sites where these may be stored. The purpose of this request is to see the history of construction issues, maintenance, repairs, causation of issues and potential incurred costs from Hurricane Sally as determined by the Board of Directors of the Association.

Also, have we decided on any dates for panel inspections with experts in November?

Thank you and please let me know if you have any questions,

Respectfully,

**PATRICK E LEWIS | CEO**
Lewis Claim Solutions
www.lewisclaimsolutions.com
**M:** 407.466.6626 | **O:** 407.466.6626

The contents of this e-mail message and any attachments are intended for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and, if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

**From:** Pat Lewis
**To:** George W. Keys (georgekeys@keysclaims.com); Tim Rothring
**Cc:** Jon Doan
**Bcc:** Nick Cervellera; Jon Lewis; Isaac Lewis; Kevin Bryant
**Subject:** Portofino Appraisal
**Date:** Tuesday, August 31, 2021 12:13:00 PM

---

Hi George,

I would like to request access to all Condominium Association meeting notes, from the time the building was built, through current. This may be as simple as providing us with access to any online files, portals, or sites where these may be stored. The purpose of this request is to see the history of construction issues, maintenance, repairs, causation of issues and potential incurred costs from Hurricane Sally as determined by the Board of Directors of the Association.

Also, have we decided on any dates for panel inspections with experts in November?

Thank you and please let me know if you have any questions,

Respectfully,

**PATRICK E LEWIS | CEO**
Lewis Claim Solutions
www.lewisclaimsolutions.com
**M:** 407.466.6626 | **O:** 407.466.6626

The contents of this e-mail message and any attachments are intended for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and, if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

**Murphy, Lanie**

**From:** Dickenson, John David
**Sent:** Tuesday, September 12, 2023 3:23 PM
**To:** Schultz, Alexandra J.
**Subject:** FW: Portofino - Panel Hearing

**Follow Up Flag:** Follow up
**Flag Status:** Flagged

**John David Dickenson**
**Member | Cozen O'Connor**
1801 N. Military Trail, Suite 200 | Boca Raton, FL 33431
Direct: 561-515-5260 Mobile: 561-702-7740
Email | Bio | Map | cozen.com

**From:** Pat Lewis <plewis@ics-llcinc.com>
**Sent:** Friday, August 12, 2022 3:47 PM
**To:** Dickenson, John David <jdickenson@cozen.com>; Holober, Evan M. <EHolober@cozen.com>
**Subject:** Fwd: Portofino - Panel Hearing

****EXTERNAL SENDER****

For your records

Patrick Lewis
LCS
407-466-6626 office

Sent from my iPhone

Begin forwarded message:

> **From:** jdoan@ccgfirm.com
> **Date:** August 12, 2022 at 3:44:21 PM EDT
> **To:** George Keys <georgekeys@keysclaims.com>, Pat Lewis <plewis@ics-llcinc.com>
> **Cc:** Nick Cervellera <ncervellera@ics-llcinc.com>, Ashley Adkins <ashleyadkins@keysclaims.com>, Tim Rothring <timrothring@keysclaims.com>, Isaac Lewis <ilewis@ics-llcinc.com>, Kevin Bryant <kbryant@ics-llcinc.com>, Jon Lewis <jlewis@ics-llcinc.com>
> **Subject: RE: Portofino - Panel Hearing**
>
> Panel,
>
> As this panel is aware, this 10 day hearing was scheduled quite some time ago and experts have long ago made plans to include travel, lodging, and other commitments. Based on the last minute email exchanges, there is apparently confusion as to who received what and from whom. The panel agreed that all docs would be exchanged between panel members by a given date. If new documents have been

CE3-006

submitted by a party outside the panel I do not believe the panel moving forward should be affected. I am not taking a position that the panel cannot consider the docs. I am simply saying that the hearing should move forward and any positions that may be affected by this newly submitted information can be brought to the attention of the entire panel during the next two weeks. Realistically, based on the email exchange that has occurred in the last 24 hours, it could safely be assumed that Mr. Lewis is now privy to documents to which neither Mr. Keys nor I have been afforded. That said, in an effort to keep this Appraisal moving forward I propose we maintain our previously established course.

It appears the docs recently received by Mr. Lewis were not sent by Mr. Keys. There is nothing to confirm from whom the docs originated.

If the recent document receipt affects the demand/offer, either party will have an opportunity in the next two weeks to adjust positions within that two weeks. If the docs enlighten one or both parties to information that affects the positions upon which that party is moving forward I am confident facts will come to light during mutual cross of the expert witnesses whose testimony the new information may affect. At that time, the expert will have an opportunity to adjust his/her original position based on the new information that has been produced.

I look forward to beginning the hearing on Monday 15 August 2022 at the MCO Renaissance Hotel at 9:00.

Best regards,

JON W. DOAN
PARTNER
Claims Consultants Group
375 DOUGLAS AVE. SUITE 1001-1003
ALTAMONTE SPRINGS, FLORIDA 32714
(407)774-1190 OFFICE
(407)921-0996 MOBILE
(407)774-1272 FAX

**From:** George Keys <georgekeys@keysclaims.com>
**Sent:** Thursday, August 11, 2022 5:57 PM
**To:** Pat Lewis <plewis@ics-llcinc.com>
**Cc:** Nick Cervellera <ncervellera@ics-llcinc.com>; jdoan@ccgfirm.com; Ashley Adkins <ashleyadkins@keysclaims.com>; Tim Rothring <timrothring@keysclaims.com>; Isaac Lewis <ilewis@ics-llcinc.com>; Kevin Bryant <kbryant@ics-llcinc.com>; Jon Lewis <jlewis@ics-llcinc.com>
**Subject:** Re: Portofino - Panel Hearing

Pat

Our positions as Appraisers is to determine the amount of loss as Competent Disinterested Appraisers. I have done so despite your refusal to provide me with a copy of the Underwriting Inspection Report along with any documents which only carriers have access to for previous claims. In your letter dated 8/19/2021, you wrote " I am confused by your requests for documentation, as when we met as the Appraisal Panel, we agreed that we would submit all our documents supporting our positions to the Appraisal Panel by an agreed specific date. After that submission, the Appraisal Panel agreed there would be a time given that is adequate for each party to review the entirety of each other's documentation. When this period to review each other's documents is completed, we agreed we would then schedule dates to meet for deliberations with experts".

I have no idea what documents you received today. To my knowledge, I have not seen them nor do I need to see them to move forward with the hearing as properly noticed and agreed upon. I suspect the documents you are referring to were sent to you by counsel for the carrier. Accordingly, your letter received today is not accurate. I have exchanged all documents in my possession that are relevant to this claim. You have had more than ample time to digest them.

If counsel just received new documents, that either came from counsel for Portofino or carrier counsel just found them. Both of those circumstances have nothing to do with this panel and it's ability and duty to serve as noticed.

Kindest regards,

**George W. Keys, Jr., SPPA**
For the Firm
Keys Claims Consultants, LLC
Bayfront Professional Center
1333 3rd Ave. South
Suite 407
Phone: 239-774-5040
Fax: 239-774-4027
**Email:** georgekeys@keysclaims.com
**Web:** www.keysclaims.com
**George Wilton Keys, Jr., SPPA**
FL Public Adjusters License #A140365
CO Public Adjusters License #370084
TX Public Adjusters License #1553539
**Keys Claims Consultants, LLC**
TX License# 1553540
CO License# 497644

This e-mail may be privileged and/or confidential, and the sender does not waive any related rights and obligations. Any distribution, use or copying of this email or the information it contains by other than the intended recipient is unauthorized. Please advise me immediately by return e-mail or otherwise if you receive this e-mail in error. We do not guarantee that this material is free from viruses or any other defects although due care has been taken to minimize the risk.

On Aug 11, 2022, at 5:38 PM, Pat Lewis <plewis@ics-llcinc.com> wrote:

Mr. Keys,

It is our responsibility as Appraisers to determine the loss and damage values based upon causation from Hurricane Sally for this Appraisal. I am informing you that these documents will directly affect my ability to determine those values. As such, all parties involved should have the opportunity to properly

review and consider this documentation. It is my opinion that if we, the appraisal panel, are not given adequate time to consider the information contained in these documents, we are not fulfilling our responsibilities as Appraisers to properly and accurately arrive at loss and damage values.

Mr. Keys, in our previous email we asked if you've received these documents for your own review. If not, I would be more than happy to make sure you receive them. Please advise as soon as possible.

Respectfully,
Patrick Lewis
LCS
407-466-6626 office

Sent from my iPhone

On Aug 11, 2022, at 4:56 PM, George Keys <georgekeys@keysclaims.com> wrote:

We absolutely are not postponing the Hearing. What has been exchanged by the Attorneys is outside of this process.

Kindest regards,

**George W. Keys, Jr., SPPA**
For the Firm
Keys Claims Consultants, LLC
Bayfront Professional Center
1333 3rd Ave. South
Suite 407
Phone: 239-774-5040
Fax: 239-774-4027
**Email:** georgekeys@keysclaims.com
**Web:** www.keysclaims.com
**George Wilton Keys, Jr., SPPA**
FL Public Adjusters License #A140365
CO Public Adjusters License #370084
TX Public Adjusters License #1553539
**Keys Claims Consultants, LLC**
TX License# 1553540
CO License# 497644

This e-mail may be privileged and/or confidential, and the sender does not waive any related rights and obligations. Any distribution, use or

copying of this email or the information it contains by other than the intended recipient is unauthorized. Please advise me immediately by return e-mail or otherwise if you receive this e-mail in error. We do not guarantee that this material is free from viruses or any other defects although due care has been taken to minimize the risk.

On Aug 11, 2022, at 4:44 PM, Nick Cervellera <ncervellera@ics-llcinc.com> wrote:

Mr. Doan,
On behalf of Patrick Lewis:
We wanted to make you aware of a very large repository of documents that was received this afternoon by LCS that originated from Insured's Counsel - Mr. Ed Flemming, post our agreed upon document submission date, and with less than one working day before our Panel Hearing.
Mr. Keys, have you had a chance to receive the documents given to us originating from Counsel Ed Flemming (Insured's Representative) last night and today?
We verbally requested in July of last year all documents as related to this appraisal of the condo meeting minutes and maintenance records. We also followed up our verbal request with a letter dated August 17, 2021, containing a request for these same documents. The document submission we received this afternoon is a very large repository of documents based upon our preliminary review - thousands of pages. In spot checking this repository of documents, we see these documents as having significant impact on our position. We estimate that we need a minimum of one week to review all these documents. As these documents are critically pertinent to the loss and damage value, Pat requests that we start the Panel Hearing on Monday, August 22nd, and complete what we can that week. We can reconvene the Panel Hearing after the Labor Day weekend holiday.
We will need to change the venue to whatever the Panel agrees upon, but we must be given the opportunity to review and process the additional document repository, so that we are accurate as to our loss and damage values.

Very Respectfully,

**NICK CERVELLERA | Operations & Development Officer**
Lewis Claim Solutions
www.lewisclaimsolutions.com
**M:** 407.459.6307 | **O:** 407.466.6626

The contents of this e-mail message and any attachments are intended for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable client and/or work product privileges.. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and, if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

CE3-011

**From:** Isaac Lewis
**To:** Jon Lewis
**Subject:** Fw: Portofino - Key"s Email Draft Collaborated Response
**Date:** Thursday, September 28, 2023 1:50:45 PM
**Attachments:** 2021-8-16 Letter to P. Lewis.pdf
Keys Re_ Portofino Appraisal 2021-8-31.pdf
Missing Exhibits Email 6-21-22.pdf
Missing Exhibits Email 6-23-22.pdf
Portofino Appraisal LCS - 2021-8-31.pdf
Portofino_KeysClaimsLetter_20210817.pdf
RE_ Portofino Estimates - 2022-08-2.pdf
2021-6-11 Letter to P. Lewis.pdf

---

**ISAAC LEWIS | Partner, Executive Senior Consultant**
Lewis Claim Solutions
www.lewisclaimsolutions.com
**M:** 904.868.7650 | **O:** 407.466.6626

---

**From:** Pat Lewis <plewis@ics-llcinc.com>
**Sent:** Friday, August 12, 2022 6:25 PM
**To:** George W. Keys (georgekeys@keysclaims.com) <georgekeys@keysclaims.com>; Tim Rothring <timrothring@keysclaims.com>; Ashley Adkins <ashleyadkins@keysclaims.com>
**Cc:** Jon Doan <jdoan@ccgfirm.com>; Jon Lewis <jlewis@ics-llcinc.com>; Isaac Lewis <ilewis@ics-llcinc.com>; Nick Cervellera <ncervellera@ics-llcinc.com>; Kevin Bryant <kbryant@ics-llcinc.com>
**Subject:** FW: Portofino - Key's Email Draft Collaborated Response

Mr. Keys,

In the email that we are responding to, the email misrepresents "facts" for your own purposes. In your second paragraph, you stated that you have requested a certified copy of the policy, along with the underwriting file, or any documents related to prior losses and claims, as well as anything which would indicate previous damages to the subject buildings. As the Appraiser, I do not have access to or knowledge of these documents, as such the request for these documents should have been requested through the insured's council.

The documentation, "to include but not limited to inspection reports, damage reports, photographs, repair/rebuild estimates, any knowledge of prior claims and associated documentation, and incurred invoices for repair after the storm" was formally requested in a letter to you dated August 17, 2021, which I have attached. Additionally, I stated that "I would suggest that we agree for documents requested from both of us to a mutual deadline for submission to the Appraisal Panel. This seems like a reasonable solution." This letter was met with no response until I sent a follow-up email on August 31, 2021, requesting this documentation once again. You responded with "the appraisal process is not a discovery process. All the needed documents should have been asked for prior to going to Appraisal. As far as I know the docs were requested and given but I have no idea. It is not my place to ask for

such documents. May I refer you to legal counsel for Portofino and perhaps you can ask him. Thanks."

You sent a formal letter, prior to our request for documentation, requesting what was described in the first paragraph of this email on June 11th, 2021, and a follow up letter on August 16th once again asking for the information. Was your response to our formal request for information simply a ploy to withhold documentation as your request prior to ours is in direct contradiction to your statement that "The appraisal process is not a discovery process. All the needed documents should have been asked for prior to going to appraisal."

By requesting any documentation which would indicate previous damage to the subject buildings, it is clear that you understand the significance that such information could have in the formation of our positions. I am telling you, that the significant amount of documentation received, including thousands of pages, within the last 24 hours, that originated from the insured's council, contains detailed information of previous conditions and damages to the subject buildings that will directly affect the accuracy of both of our positions. Do you agree that if information that will directly affect our ability to determine accurate loss and damage values becomes known, it is our responsibility as Appraisers to properly review and consider the information? Furthermore, if our positions have not been accurately arrived at due to missing information that was in neither of our possessions, how is our umpire, Mr. Doan, supposed to address the differences when we do not even know what those are.

Yesterday, in your email you responded "I have no idea what documents you received today. To my knowledge, I have not seen them nor do I need to see them to move forward with the hearing as properly noticed and agreed upon." As stated above, the documentation received within the last 24 hours contains detailed information of previous conditions and damages to the subject building. Given the sizeable amount of documentation, it is completely unreasonable to assume that the information contained in the thousands of pages of documentation would be able to be adequately reviewed and understood before or during the appraisal deliberation, given the amount of information and short time frame. It is my opinion that without both parties' review of this information we, the panel, will be unable to arrive at accurate loss and damage values.

Mr. Keys, with that stated, are you in disagreement that such information should be adequately reviewed and considered by both parties, including our respective experts, so that we can fulfill our responsibilities as independent, impartial Appraisers in determining accurate loss and damage values? Do you still feel as stated in your e-mail yesterday that you do not "need to see them to move forward with the hearing as properly noticed and agreed upon." Now knowing that these documents could directly affect your position in addition to the fact that you stated, "to my knowledge, I have not seen them".

Circling back to your recent email, the document submittal for expert reports was agreed upon

to take place on May 31st, 2022, and the submittal date for estimates was July 11th. We complied with both of those dates and submitted all pertinent documents in our possession at that time, not just limited to expert reports and our estimates. Additionally, your document submission at that time did not include your entire package. It was missing multitudes of exhibits, incurred invoices, typos, and no statement of loss. Furthermore, following our agreed upon submission you proceeded to make changes to your estimate due to errors on August 2nd, 2022, as well as submit additional changes to your incurred invoice values. Please be aware that the documentation received in the past 24 hours could also affect both parties incurred invoice amounts.

Additionally, you put forth the notion that the additional time needed to conduct proper inspections of the property was a delay tactic. This is an incorrect assumption. As you are aware, there were many hurdles such as, the shared use of the swing stage contractor, required certification of the davits, requirement to remove swing stages from 5th floor balconies each day, restrictions on the length of swing stage inspections to 33 days, insured's representative repeated unsafe use of drones during our expert's swing stage inspections, halting of our expert's swing stage inspection due to Key's Claims Consultants internal communications, required curfews for our experts to be off property, HOA requirement to pay in advance their roofing expert for coring, restricted access to inspect the lifestyle building during operating hours, and the inability to inspect the buildings conjointly with your experts, which impacted our timeline of inspections. The length of our inspection time was to ensure that a thorough and proper evaluation of the property was conducted, as is my responsibility as an Appraiser. Furthermore, you state "that windows and doors should have been tested immediately after the loss" even though I was not elected as the insured's appraiser until December 30, 2020.

To restate, it is our position that due to the massive amount of documents that we believe may greatly affect both parties' loss and damage values and directly affect the umpire's ability to address the differences, that the appraisal deliberation scheduled to begin on 8/15/2022 should be rescheduled. If you and the Umpire decide to move forward with next week's deliberations, we will be attending only to satisfy the requirement for the appraiser to be present to avoid an open chair appraisal. We will be doing so in protest to your decisions and will reserve the right to change our entire position once we have had the ability to properly review and consider the information contained in the documents received through the insured's council. **Please consider this my official notification of my protest to move forward with next week's scheduled deliberation due to no consideration to review all available documents pertinent to this appraisal.**

Respectfully,

**PATRICK E LEWIS | CEO**
Lewis Claim Solutions
www.lewisclaimsolutions.com

 **M:** 407.466.6626 | **O:** 407.466.6626

The contents of this e-mail message and any attachments are intended for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable client and/or work product privileges.. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and, if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

**From:** Isaac Lewis
**To:** Jon Lewis
**Subject:** Fw: Portofino - Panel Hearing
**Date:** Thursday, September 28, 2023 1:51:04 PM

---

**ISAAC LEWIS** | **Partner, Executive Senior Consultant**
Lewis Claim Solutions
www.lewisclaimsolutions.com
**M:** 904.868.7650 | **O:** 407.466.6626

---

**From:** Pat Lewis <plewis@ics-llcinc.com>
**Sent:** Saturday, August 13, 2022 12:06 PM
**To:** jdoan@ccgfirm.com <jdoan@ccgfirm.com>
**Cc:** George W. Keys <georgekeys@keysclaims.com>; Tim Rothring <timrothring@keysclaims.com>; Ashley Adkins <ashleyadkins@keysclaims.com>; Jon Lewis <jlewis@ics-llcinc.com>; Isaac Lewis <ilewis@ics-llcinc.com>; Nick Cervellera <ncervellera@ics-llcinc.com>; Kevin Bryant <kbryant@ics-llcinc.com>
**Subject:** Re: Portofino - Panel Hearing

Hello Jon

It still leaves me at a disadvantage because of when I received the vast amounts of documentation out of my control, which can't be reviewed.

I will be their at 9:00 Monday.

Patrick Lewis
LCS
407-466-6626 office

Sent from my iPhone

> On Aug 13, 2022, at 11:20 AM, jdoan@ccgfirm.com wrote:
>
> Pat,
>
> At no time did I refuse to hear all positions, original or revised. Perhaps that part of my email was missed. My perspective was that changing the schedules of 30-40 experts coming in from across the country would create undue logistical complications. We have been involved in this Appraisal preparation for over a year and to cancel everything at the eleventh hour did not seem prudent.
>
> I believe the panel and all experts on this loss are sufficiently experienced to present their positions and adapt to any adjustments that may be required due to the last minute submission of new documents, regardless of their origin.

Since it has taken months to agree on a schedule that works with all experts' other commitments, I find it hard to believe they could all adapt to a one week postponement without incurring other unacceptably protracted delays.

If we have to extend the two weeks to include the weekend between, we all agreed that would be acceptable.

Best regards,

JON W. DOAN
PARTNER
Claims Consultants Group
375 DOUGLAS AVE. SUITE 1001-1003
ALTAMONTE SPRINGS, FLORIDA 32714
(407)774-1190 OFFICE
(407)921-0996 MOBILE
(407)774-1272 FAX

**From:** Pat Lewis <plewis@ics-llcinc.com>
**Sent:** Friday, August 12, 2022 6:56 PM
**To:** Jon Doan <jdoan@ccgfirm.com>; George W. Keys (georgekeys@keysclaims.com) <georgekeys@keysclaims.com>
**Cc:** Tim Rothring <timrothring@keysclaims.com>; Ashley Adkins <ashleyadkins@keysclaims.com>; Jon Lewis <jlewis@ics-llcinc.com>; Isaac Lewis <ilewis@ics-llcinc.com>; Nick Cervellera <ncervellera@ics-llcinc.com>; Kevin Bryant <kbryant@ics-llcinc.com>
**Subject:** Portofino - Panel Hearing

Mr. Doan

I must interpret that your position as per your email affectively restricts my ability to present information that I wasn't given previously and beyond my control or knowledge. We agreed that this appraisal would allow all parties to submit their findings without restrictions. To have time to review that information is paramount to both parties. It will waste everyone's time to present information that has not been disseminated to both sides and then review it afterwards out of context. This will result in inaccurate assumptions and decisions of loss and damage values. Furthermore, as the Umpire (the neutral party) we look to you to help us resolve the differences in our positions. As I previously stated, I believe this documentation could greatly affect the positions of both parties and this information is fact based and not outside this panel's scope. How do you plan to help us resolve our differences, when, due to the new information and our lack of ability for both parties and all involved experts to properly review said information, prior to our hearing, has been compromised? A 'brief review' or trying to 'sample' the information during a packed hearing schedule does not allow due diligence for all parties involved.

I request that you agree that we postpone the hearing until such time as both parties have had adequate time to perform due diligence in their review of this documentation. Despite this being my position, we would be amenable to only pushing the hearing back by one week. It is my opinion that to do anything differently skews the goal.

Respectfully,

**PATRICK E LEWIS | CEO**
Lewis Claim Solutions
www.lewisclaimsolutions.com
**M:** 407.466.6626 | **O:** 407.466.6626

The contents of this e-mail message and any attachments are intended for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable client and/or work product privileges.. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and, if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.