# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY, et al.,

      Plaintiffs,

v.

PORTOFINO MASTER
HOMEOWNERS
ASSOCIATION, INC., a Florida not-for-
profit Corporation, et al.,

      Defendants.

CASE No. 3:23-cv-00453-MCR-HTC

## <u>SECOND AFFIDAVIT OF CHRISTINE MCHUGH</u>

PERSONALLY APPEARED BEFORE ME, the undersigned officer authorized to administer oaths, Christine McHugh, who, upon being duly sworn, did depose and state the following:

1.

My name is Christine McHugh. I am over the age of eighteen (18) years and competent to give this second affidavit, which is based upon my personal knowledge and provided in support of Landmark American Insurance Company's ("Landmark's") motion for summary judgment and its responses to defendants' motions for partial summary judgment. I am authorized by Landmark to give this second affidavit.

2.

I am employed by RSUI Group, Inc., which includes Landmark, as a Chief Claims Specialist. In that capacity, I was assigned to oversee the claim submitted under the Landmark commercial excess insurance policy, no. LHD 912400 ("the Landmark excess policy"), issued by Landmark to Portofino Masters Homeowners Association, Inc. ("Portofino"). The Landmark excess policy provides coverage for the properties of the Portofino entities located in Pensacola Beach, Florida ("the Property"), subject to the policy's terms, conditions, limitations and exclusions.

3.

After Landmark learned in March 2022 that Portofino (defendants in the above-styled action) had suffered damage to the Property caused by Hurricane Sally and had entered into an appraisal with the Primary Layer Carriers, Landmark retained Wayne D. Taylor of Mozley, Finlayson & Loggins LLP, as Landmark's attorney in this matter. Landmark never retained J.D. Dickenson, Evan Holober, or the law firm of Cozen O'Connor as its legal counsel in this matter.

4.

Landmark in its dealings with the Primary Layer Carriers agreed to contribute to some of their appraisal costs, including the cost of experts, only so that Landmark could obtain information regarding Portofino's claim, since the adjustment of the

claim already had been terminated due to the ongoing appraisal of the loss between Portofino and the Primary Layer Carriers.

5.

A claim note entry in the claim file dated July 18, 2022, which was created and is kept in the ordinary course of business, confirms that Landmark's contribution to some of the appraisal costs "was only in order to secure documentation from consultants as we are not in the appraisal due to policy language." A copy of this page of the claim notes is attached to this affidavit as Exhibit "A."

6.

Landmark also attended several meetings with the Primary Layer Carriers and their representatives during which the ongoing appraisal between Portofino and the Primary Layer Carriers was discussed. Landmark's attendance at these meetings was for the sole purpose of monitoring the ongoing appraisal between Portofino and the Primary Layer Carriers and obtaining information regarding Portofino's claimed damage.

7.

Landmark never selected Patrick Lewis or anyone as its appraiser in this matter. In fact, Landmark did not have any role in the selection of Mr. Lewis as an appraiser in the appraisal between Portofino and the Primary Layer Carriers.

3

8.

I am making a correction to my first affidavit, which was filed on Landmark's behalf in this matter. In paragraph number 9 in my first affidavit, I wrote that "Landmark learned for the first time **after** March 18, 2022, that the defendants and the Primary Layer Carriers had submitted the loss to appraisal." (Emphasis added). That sentence should read "Landmark learned for the first time **on** March 18, 2022…." (Emphasis added).

FURTHER THIS AFFIANT SAYETH NOT.

CHRISTINE MCHUGH

Sworn and subscribed before me,
this 5 day of December, 2024.

My commission expires 2-1-27.

FRANKIE R OLDS
NOTARY
EXPIRES
GEORGIA
FEB. 1, 2027
PUBLIC
COBB COUNTY

# EXHIBIT A

**RSUI** **Claim Note(s)**

View Single Note for Claim Number: 7030167921

---

| | | | |
|---|---|---|---|
| **Claim:** | **7030167921** | | |
| **Policy Number:** | LHD912400 | **Date of Loss:** | 09/14/2020 |
| **Insured:** | Portofino Master Homeowners Association at Pensacola Beach Inc (xs 50M) / Pensacola Beach FL | **Claim Professional:** | Daniel Mack |

---

| **Date:** | **Created By:** | **Note:** |
|---|---|---|
| 07/18/2022 | Daniel Mack | ███████████████████████████ ███████████████████████████ ███████████████████████ contribution was only in order to secure documentation from counsultants as we are not in the appraisal due to policy language. |

---

RSUI Group, Inc.