## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

### CASE NO. 3:23-cv-00453-MCR-HTC

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY, et al.,

      Plaintiffs,

v.

PORTOFINO MASTER HOMEOWNERS
ASSOCIATION INC., a Florida not-for-
profit Corporation, et al.,

      Defendants.

_____/

### PLAINTIFFS' REPLY TO PORTOFINO'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (VALUATION OF LOSS)

Plaintiffs,[1] pursuant to the Northern District of Florida Local Rules 7.1(I) and

56.1(D), file this Reply and Memorandum of Law to Portofino's[2] Opposition to

---

[1] As used herein, the term "Plaintiffs" collectively refers to Westchester Surplus Lines Insurance Company, Arch Specialty Insurance Company, AXIS Surplus Insurance Company, Colony Insurance Company, Evanston Insurance Company, Aspen Specialty Insurance Company, Independent Specialty Insurance Company, Interstate Fire & Casualty Company, Lloyd's of London (Consortium #9226), James River Insurance Company, Maxum Indemnity Insurance Company, Landmark American Insurance Company, and Homeland Insurance Company of New York.

[2] As used herein, the term "Portofino" collectively refers to Portofino Master Homeowners Association at Pensacola Beach Inc., Portofino Tower One Homeowners Association at Pensacola Beach Inc., Portofino Tower Two Homeowners Association at Pensacola Beach Inc., Portofino Tower Three Homeowners Association at Pensacola Beach Inc., Portofino Tower Four Homeowners Association at Pensacola Beach Inc., and Portofino Tower Five Homeowners Association at Pensacola Beach Inc.

Plaintiffs' Motion for Partial Summary Judgment regarding the Valuation of Loss [D.E. 294] ("Opposition"), and in support state as follows:

## I.  **<u>INTRODUCTION</u>**

Portofino's opposition fails to create a genuine dispute of material fact. Instead, Portofino concedes that Plaintiffs are correct, yet argues that Portofino is entitled to the replacement cost value ("RCV") because they do not have the funds to make the required repairs.[3] This position, however, is contrary to black letter Florida law. Whether or not Portofino has the funds, or the ability to obtain the funds, to make permanent repairs is irrelevant to the RCV analysis. As explained below, the single issue (which is not in dispute) is whether or not permanent repairs have been completed. Because they have not, Portofino is not entitled to RCV. Accordingly, Portofino fails to substantively oppose Plaintiffs' motion, and summary judgment should be granted in Plaintiffs' favor.

---

[3] As noted in Plaintiffs' Partial Motion for Summary Judgment (D.E. 236, at p.2.), Plaintiffs dispute that Portofino is entitled to any amount. Plaintiffs request the relief sought only to the extent Portofino seeks the replacement cost value of the appraisal award.

II.    <u>REPLY</u>

    **A.    Portofino's Opposition concedes that summary judgment should be granted in Plaintiffs' favor.**

Throughout the Opposition, Portofino acknowledges that it is not entitled to the RCV of the alleged damage at the property.[4] More specifically, Portofino's Opposition admits that it has not completed the repairs at the property and concedes "[t]here is no dispute that the applicable insurance policies provide that a claim for RCV will not be paid if the property is not repaired, rebuilt, or replaced with similar property on the same or another site."[5] Portofino even goes as far as acknowledging that the policy provision requiring the payment of the actual cash value ("ACV") is "clear and unambiguous."[6]

Thus, based on the undisputed facts and the clear and unambiguous terms of the policies, Portofino is not entitled to the RCV of the alleged damage at the property. *See Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, 395 F. App'x 659, 662 (11th Cir. 2010) ("Both parties agree, and the record undeniably establishes, that [the insured] never completed repairs and, thus, would be barred from recovering RCV damages under the plain terms of the contract."). Portofino even concedes

---

[4] *See, e.g.*, D.E. 294, at p.2.
[5] *Id.* at p. 2-4.
[6] *Id.* (citing D.E. 222-4, at p.15-16).

Plaintiffs are correct. As such, summary judgment should be granted in Plaintiffs' favor.

### B. Portofino's alleged inability to pay for repairs is irrelevant.

Despite conceding that Plaintiffs' position is correct, Portofino half-heartedly argues that Plaintiffs are not entitled to summary judgment because Portofino cannot afford to perform the repairs.[7] This position, however, is not supported by, and is in fact contrary to, Florida law and the terms of the policies. *See Buckley Towers*, 395 F. App'x at 663 (11th Cir. 2010) (refusing to rewrite the policy to allow for RCV when the insured could not afford to make the repairs without the payment by the insurer); *Universal Prop. & Cas. Ins. Co. v. Qureshi*, No. 4D2023-1338, 2024 WL 3514542, at *3 (Fla. 4th DCA July 24, 2024) ("prevention of performance c[an]not excuse an insured from its contractual obligation to first incur expenses for performed repairs that are necessitated by a covered loss before receiving payment for the cost of those repairs.") (citing *Fla. Ins. Guar. Ass'n v. Somerset Homeowners Ass'n*, 83 So. 3d 850, 852-53 (Fla. 4th DCA 2011)).

As acknowledged by Portofino, the policies clearly and unambiguously require that "a claim for RCV will not be paid if the property is not repaired, rebuilt, or replaced with similar property on the same or another site."[8] There is simply no

---

[7] *Id.* at p.4.
[8] *Id.* at p. 2-4.

policy provision allowing for RCV if Portofino cannot afford to make the repairs.[9] Nevertheless, Portofino is asking the Court to write such a requirement into the policies, a request which has already been expressly rejected by the Eleventh Circuit in *Buckley Towers.* 395 F. App'x at 663 ("Allowing Buckley Towers to claim RCV damages without repairing or replacing entirely removes the plaintiff's obligations under the Replacement Cost Value section of the contract. The parties freely negotiated for that contractual provision and it is not the place of a court to red-line that obligation from the contract.").

Furthermore, Portofino's argument that they cannot afford the repairs is not only irrelevant but also disingenuous. As noted in the Opposition, Portofino has had access to a line of credit to make the repairs, but has failed to utilize it to make those repairs.[10] Portofino also has the ability to issue a special assessment, but has only issued a "contingent special assessment" for use in the event that Portofino does not receive funds from Plaintiffs.[11] Thus, irrespective of Portofino's contentions, Portofino has the ability to garner the funds to complete the repairs even without an advance RCV payment by Plaintiffs. Regardless, for the reasons addressed above, Portofino's finances, let alone "the financial constraints of . . . well-heeled

---

[9] *See, e.g.*, D.E. 222-4.
[10] D.E. 294, at p.3.
[11] D.E. 231-1, at 143-144:4-10.

corporations,"[12] do not factor into the analysis of whether an insured is entitled to RCV. Because Portofino's ability to pay is irrelevant to the analysis, summary judgment should be awarded in Plaintiffs' favor.

### C.    Under similar circumstances, the Eleventh Circuit has limited recovery to actual cash value.

The Opposition further argues that Portofino is entitled to RCV because "Plaintiffs have refused to comply with the Appraisal Panel Awards." [13] This argument is misplaced.

In fact, the Eleventh Circuit, in *Buckley Towers*, expressly rejected this same argument. There, the Court held that an insured was not entitled to RCV despite arguing, as Portofino does here, that it was prevented from performing the repairs by the insurance carrier's failure to promptly pay the claim. 395 F. App'x at 659 ("Although [the insured] may be unable to receive the full range of benefits of their contract without an advance payment . . . that cost and inconvenience may not relieve them of repairing the building prior to claiming RCV damages."); *see also Cresthaven-Ashley Master Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 19-80959-CIV-SINGHAL/MATTHEWMAN, 2021 WL 8536459, at *6 (S.D. Fla. Dec. 22, 2021) ("[T]he Eleventh Circuit has declined to apply [the doctrine of prevention of performance] . . . where the policy 'unambiguously' require[s] the insured to actually

---

[12] D.E. 294, at p.3.
[13] D.E. 294, at p.4.

repair its property before the insurer was required to pay the replacement cost value of the loss.") (citing *id.* at 662).

More specifically, the Eleventh Circuit explained that the doctrine of prevention of performance does not "vitiate [an insured's] contractual obligation to repair or replace damaged property before applying for RCV damages." *Buckley Towers*, 395 F. App'x at 663. Rather, it generally applies "when a party to a contract is ready, willing and able to perform, but the other party prevents him from performing by imposing obstacles not contemplated by the contract." *Id*. (citing *Walker v. Chancey*, 96 117 So. 705, 707-08 (Fla. 1928)).

Like the insurer in *Buckley Towers,* Plaintiffs, here, are not "prevent[ing Portofino] from performing by imposing obstacles not contemplated by the contract." *Id.* Instead, the policies contemplate that the repairs must be completed irrespective of the payment by the insurers. [14] *Id.* at 662-63 ("The insurance contract unambiguously requires the insured to repair its property before receiving RCV damages [and] contains no allowances for advance payments to fund repairs. . . . Allowing Buckley Towers to claim RCV damages without repairing or replacing entirely removes [the insured's] obligations under . . . the contract[, which] [t]he parties freely negotiated[,] . . . and it is not the place of a court to red-line that obligation from the contract.").

---

[14] *See, e.g.*, D.E. 222-4, at p.15-16.

Thus, the mere fact that Plaintiffs have not paid does not excuse Portofino from having to make the repairs as a precondition of receiving RCV if the claim is covered under the policies (it is not). *Id.* Accordingly, summary judgment should be granted in Plaintiffs' favor.

### D. Portofino's failure to perform repairs at the time of its Counterclaim precludes a claim for breach of contract.

Despite the undisputed fact that the repairs have not been completed, the Opposition incorrectly argues that Portofino "retain[s] the right to claim RCV for all future repairs upon their completion" because the "insurance policies do not impose a temporal limit on when repairs must be completed to claim RCV."[15]

In making this statement, Portofino evidently ignores the policies' Property Valuation provision, which expressly states that the repairs must be "executed with due diligence and dispatch."[16] More specifically, the provision provides, in pertinent part:

> 11. PROPERTY VALUATION - The basis of loss adjustment shall be as follows . . .
> h) Other property not otherwise provided for; at replacement cost new without deduction for depreciation. If the property is not repaired, rebuilt or replaced with similar property on the same or another site, the Company shall not be liable for more than the actual cash value of the property damaged or destroyed. Loss settlement on a replacement cost basis shall include Architect and Engineering Fees to the extent incurred as a result of a loss

---

[15] D.E. 294, at p.4.
[16] *See, e.g.*, D.E. 224-4, at p.9.

> which would be payable under this policy and shall be subject to the following provisions:
>
> i)  The repairs, replacement or reinstatement **must be executed with due diligence and dispatch**.[17]

Further, even if this provision did not exist, it is a basic rule of contractual construction that "[i]f a contract fails to specify a time for performance, then the law infers it will take place within a reasonable time." *Hicks v. Keebler*, 312 So. 3d 1001, 1005 (Fla. 2d DCA 2021) (citing *Patrick v. Kirkland*, 43 So. 969, 971 (Fla. 1907)).

While Portofino argues that it can complete the repairs at a later time, it is undisputed that no repairs were made at the time Portofino filed its breach of contract counterclaim. Under the terms of the policies, entitlement to RCV is conditioned upon the completion of repairs. Because Portofino failed to satisfy this condition precedent when it filed its counterclaim, Plaintiffs cannot be in breach of contract for failing to pay RCV. *Meir v. Westchester Surplus Lines Ins. Co.*, No. 22-61502-CIV, 2023 WL 11645463, at *4 (S.D. Fla. Nov. 27, 2023), *appeal dismissed*, No. 24-11463-HH, 2024 WL 4747066 (11th Cir. Aug. 14, 2024) (holding that insurer did not breach policy as to RCV because insured had not made repairs as of the filing of the lawsuit and thus was not entitled to RCV). Accordingly, summary judgment should be granted in Plaintiffs' favor.

---

[17] *See, e.g.*, *id.* at p.8-9 (emphasis added).

Here, it is undisputed that Portofino failed to make the repairs within a reasonable time after Hurricane Sally or with due diligence and dispatch. Over four years have elapsed since the storm and Portofino has not completed the repairs.[18] Thus, under the clear terms of the policies, and Florida law, Portofino is not entitled to RCV even if it completes the repairs at a later time and the claim is covered under the policies (it is not). Therefore, because Portofino failed to complete repairs within the timeframe required by the policies, summary judgment should be granted in Plaintiffs' favor.

## III.    **CONCLUSION**

As detailed throughout, Portofino is entitled only to seek ACV for the alleged Hurricane Sally damages. Specifically, under the terms of the policies, RCV is only available *after* repairs, rebuilds, or replacements have been completed and, even then, only if repairs were completed with "due diligence and dispatch" (they were not and, at this point, cannot be). Here, Portofino has not started, let alone completed, permanent repairs to the property, and, therefore, RCV is unavailable as a matter of law.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an Order granting Plaintiffs' Motion for Partial Summary Judgment and entering judgment in

---

[18] *See generally* D.E. 104, D.E. 294.

Plaintiffs' favor, along with awarding Plaintiffs any further relief that this Court deems just and proper.

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.1(F), the undersigned certifies that this motion contains 2,156 words, excluding case style, signature block, and certificate of service.

Date: January 10, 2025          Respectfully submitted,

By:   /s/ Aaron Konstam
**ERIC A. HILLER**
Florida Bar No. 27920
eric.hiller@kennedyslaw.com
**AARON KONSTAM**
Florida Bar No. 104765
aaron.konstam@kennedyslaw.com
**BRYAN M. WALSH**
Florida Bar No. 1019565
Bryan.walsh@kennedyslaw.com
**JUNAID N. SAVANI**
Florida Bar No. 88816
Junaid.savani@kennedyslaw.com
**ILIRIANA FTEJA**
Florida Bar No. 1039423
Iliriana.Fteja@kennedyslaw.com
**Kennedys CMK LLP**
1111 Brickell Avenue, Suite 1300
Miami, FL 33131
Telephone: (305) 371-1111

*Counsel for Plaintiff James River*
*Insurance Company*

/s/ David C. Bibb_____
David C. Bibb (Fla. Bar No. 0190330)
Brian P. Henry, Esq. (Fla. Bar No. 0089069)
ROLFES HENRY COMPANY, Co., LPA
3165 McCrory Place, Suite 174
Orlando, Florida 32803
Telephone:   (407) 284-4990
Email:        dbibb@rolfeshenry.com
rkitchens@rolfeshenry.com
bhenry@rolfeshenry.com
kmcclintock@rolfeshenry.com

*Attorneys for Plaintiffs Interstate Fire & Casualty
Company, Independent Specialty Insurance
Company, and Lloyd's of London*

/s/ John David Dickenson_____
John David Dickenson
Florida Bar No. 575801
jdickenson@cozen.com
Alexandra J. Schultz
Florida Bar No. 122100
aschultz@cozen.com
Juan P. Garrido
Florida Bar No. 118678
jgarrido@cozen.com
**COZEN O'CONNOR**
1801 N. Military Trail, Suite 200
Boca Raton, FL 33431
Telephone: (561) 515-5250

*Counsel for Plaintiffs Westchester Surplus Lines
Insurance Company, Arch Specialty Insurance
Company, AXIS Surplus Insurance Company,
Evanston Insurance Company, Aspen Specialty
Insurance Company, and Maxum Indemnity
Insurance Company*

/s/ Jack R. Reiter
Jack R. Reiter, Esq.
Florida Bar No.: 0028304
jack.reiter@gray-robinson.com
Jordan S. Kosches, Esq.
Florida Bar No.: 49881
jordan.kosches@gray-robinson.com
**GrayRobinson, P.A.**
333 SE 2nd Avenue, Suite 3200
Miami, FL 33131
Telephone: (305) 416-6880

*Counsel for Plaintiff Colony Insurance Co.*

/s/ Elizbeth D. Salinas
ELIZABETH D. SALINAS
Florida Bar No. 113394
MOZLEY, FINLAYSON & LOGGINS LLP
4767 New Broad Street
Orlando, FL 32814
(407) 514-2765 Ext. 2317
esalinas@mfllaw.com

-and-

WAYNE D. TAYLOR
Georgia Bar No. 701275
*Admitted pro hac vice*
MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, GA 30338
Tel: (404) 256-0700
wtaylor@mfllaw.com
*Counsel for Plaintiff Landmark American Insurance Company*

/s/ Heidi Hudson Raschke
Heidi Hudson Raschke
Florida Bar No. 61183
hraschke@carltonfields.com
Madison E. Wahler
Florida Bar No. 1019015
mwahler@carltonfields.com
**CARLTON FIELDS, P.A.**
4221 W. Boy Scout Blvd, Suite 1000
Tampa, Florida 33607
Telephone: 813-223-7000

-and-

Amanda D. Proctor (*admitted pro hac vice*)
Georgia Bar No. 776848
**CARLTON FIELDS, P.A.**
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309
Telephone: 404-815-3400
aproctor@carltonfields.com

*Counsel for Plaintiff Homeland Insurance*
*Company of New York*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 10th day of January 2025:

/s/ Aaron Konstam
Aaron Konstam

**SERVICE LIST:**

John David Dickenson, Esq.
Alexandra Jordan Schultz, Esq.
Juan P. Garrido, Esq.
**COZEN O'CONNOR**
1801 N. Military Trail, Suite 200
Boca Raton, Florida 33431
Emails: jdickenson@cozen.com
        aschultz@cozen.com
        jgarrido@cozen.com
        lkrtausch@cozen.com

*Attorneys for Plaintiffs Westchester Surplus Lines Insurance Company, Arch Specialty Insurance Company, AXIS Surplus Insurance Company, Evanston Insurance Company, Aspen Specialty Insurance Company, and Maxum Indemnity Company*

Wayne D. Taylor, Esq.
Sarah M. McKimm, Esq.
**MOZLEY, FINLAYSON & LOGGINS LLP**
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338
Email: wtaylor@mfllaw.com
   smackimm@mfllaw.com

----- and -----

Elizabeth D. Salinas, Esq.
**MOZLEY, FINLAYSON & LOGGINS LLP**
4767 New Broad Street
Orlando, Florida 32814
Email: esalinas@mfllaw.com

*Attorneys for Plaintiff Landmark American Insurance Company*

Heidi Hudson Raschke, Esq.
Madison E. Wahler, Esq.
**CARLTON FIELDS, P.A.**
4221 W. Boy Scout Blvd., Suite 1000
Tampa, Florida 33607
Emails: hraschke@carltonfields.com
       mwahler@carltonfields.com
       lharrell@carltonfields.com
       tpaecf@cfdom.com

----- and -----

Amanda D. Proctor, Esq.
Georgia Bar No. 776848
**CARLTON FIELDS, P.A.**
1230 Peachtree Street, N. E.
Suite 900
Atlanta, Georgia 30309
Email: aproctor@carltonfields.com

*Attorneys for Plaintiff Homeland Insurance Company of New York*

Jack R. Reiter, Esq.
Jordan S. Kosches, Esq.
**GRAY ROBINSON, P.A.**
333 SE 2nd Avenue, Suite 3200
Miami, Florida 33131
Emails: jack.reiter@gray-robinson.com
       jordan.kosches@gray-robinson.com

*Attorneys for Plaintiff Colony Insurance Company*

Eric A. Hiller, Esq.
Aaron Konstam, Esq.
Bryan M. Walsh, Esq.
Junaid N. Savani, Esq,
Iliriana Fteja, Esq.
**Kennedys CMK LLP**
1111 Brickell Avenue, Suite 1300
Miami, Florida 33131
Emails: eric.hiller@kennedyslaw.com
        aaron.konstam@kennedyslaw.com
        bryan.walsh@kennedyslaw.com
        junaid.savani@kennedyslaw.com

*Counsel for Plaintiff James River Insurance Company*

Edward P. Fleming, Esq.
Matthew A. Bush, Esq.
Aaron T. McCurdy, Esq.
**McDonald Fleming, LLP**
719 S. Palafox Street
Pensacola, Florida 32502
Emails: flemingservice@pensacolalaw.com
        cat@pensacolalaw.com
        mabush@pensacolalaw.com
        bushservice@pensacolalaw.com
        amccurdy@pensacolalaw.com
        asluberti@pensacolalaw.com


---- and -----

Lindsey Miller-Hailey, Esq.
**McDonald Fleming, LLP**
1230 Mitchell Avenue
Tallahassee, Florida 32303
Email: lmillerhailey@tallahasseelaw.org

*Co-Counsel for Defendants*

Kurtis Jay Keefer, Esq.
**GOEDE, DEBOEST & CROSS, PLLC**
6609 Willow Park Drive, Suite 201
Naples, FLORIDA 34109
Emails: kkeefer@gadclaw.com
        curbanowski@gadclaw.com

*Co-Counsel for Defendants*

Charles F. Beall, Jr., Esq.
MOORE, HILL & WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola, Florida 32502
Email: cbeall@mhw-law.com
   tstokes@mhw-law.com

*Co-Counsel for Defendants*