UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO. 3:23-cv-00453-MCR-HTC

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY, *et. al.*,

    Plaintiffs,

v.

PORTOFINO MASTER HOMEOWNERS
ASSOCIATION INC., *et. al.*,

    Defendants.
_____/

**PLAINTIFFS' MOTION TO STRIKE OR, IN THE
ALTERNATIVE, FOR LEAVE TO FILE A REPLY
TO DEFENDANT'S UNAUTHORIZED BRIEF (DE 299)**

Plaintiffs, (collectively, the "Excess Carriers"),[1] hereby request the Court to enter an order striking Defendant's 40-page "response" (DE 299) to their notices of joinder (DE 258, 259, and 264) in Westchester Surplus Lines Insurance Company's ("Westchester") Renewed Motion to Vacate Appraisal Award (the "Renewed Motion to Vacate") (DE 257), or, in the alternative, for leave to file a reply pursuant

---

[1] Arch Specialty Insurance Company, AXIS Surplus Insurance Company, Colony Insurance Company, Evanston Insurance Company, Aspen Specialty Insurance Company, Independent Specialty Insurance Company, Interstate Fire & Casualty Company, Lloyd's of London (Consortium #9226), James River Insurance Company, Maxum Indemnity Company, Landmark American Insurance Company ("Landmark"), and Homeland Insurance Company of New York ("Homeland").

to Local Rule 7.1(I), and state as follows.

## ARGUMENT

Westchester, the only carrier that was actually a party to the appraisal, timely filed its Renewed Motion to Vacate. (DE 257). Although Portofino never invoked appraisal against the Excess Carriers, since they agree with the relief sought by Westchester, the Excess Carriers filed notices of joinder (collectively, the "Notices of Joinder"). *See* DE 259 (filed by Homeland); DE 264 (filed by Landmark); and DE 258 (filed by the remainder of the Excess Carriers). Each of the Notices of Joinder were succinct and limited to notifying the Court that the signatory carriers were joining in Westchester's argument, and why.

On December 16, 2024, Portofino filed a document purporting to be its "response" to the Notices of Joinder. (DE 299). Therein, Portofino advised the Court that it was decreeing each of the Notices of Joinder to have been a separate "motion for summary judgment as to the[] [Excess Insurer's] 'non-participation defense'" (DE 299 at 3), and as such proceeded to file a comprehensive 40-page opposition to the Notices of Joinder. Portofino's filing was improper for a number of reasons, and as such the Court should strike it as unauthorized.

First, the Notices of Joinder were not each an independent motion for summary judgment as Portofino claims. To the contrary, they were each just a few paragraphs long, and as Portofino aptly notes, none contained undisputed material

facts, memoranda of law, or any of the other hallmarks of a motion for summary judgment. (DE 299 at n. 2). They were merely joinders in Westchester's Renewed Motion to Vacate, nothing more and nothing less.

Second, Portofino's claim that the Notices of Joinder were each a motion for summary judgment on the Excess Carriers' "non-participation defense" (DE 299 at 3) strains credulity. This is because the Excess Carriers have filed an independent motion for summary judgment on that issue,[2] and Portofino filed a 41-page response thereto, albeit Portofino filed its response the day after it was due.[3]

Third, Westchester's Renewed Motion to Vacate was an *amended* motion filed pursuant to this Court's order. (DE 141). As the Court will recall, the first such motion was filed early in the litigation (DE 116), and was similarly accompanied by notices of joinder from the same carriers. *See* DE 119 (Homeland's joinder); DE 118 (Landmark's joinder); and DE 117 (the remainder of the Excess Carriers' joinder). It was refiled now, and again joined by the same additional carriers, pursuant to the Court's order providing that the Court "prefers to dismiss the Motion to Vacate with leave to file an amended motion following the close of discovery." (DE 141 at 2). As such, Portofino's mischaracterization of the Notices of Joinder as independent motions for summary judgment is belied by the actual history of this case.

---

[2] *See* DE 251 (and specifically, argument IV titled "The Excess Carriers Cannot be Bound by the Appraisal"), DE 260 (Homeland's joinder), and DE 262 (Landmark's joinder).
[3] *See* DE 301.

In truth, Portofino's maneuvering is nothing more than a thinly veiled attempt to exceed the 8,000 word limit for its response to Westchester's Renewed Motion to Vacate. *See* DE 298 at 44 (Portofino's 7,615 word response to the Renewed Motion to Vacate) and DE 299 at 38 (Portofino's additional 7,807 word response on the same subject, mischaracterized as a "response" to the Notices of Joinder). Yet exceeding this limit without leave of court was improper, and the Middle District of Florida's criticism of substantially the same tactic in *Gamb v. Hilton Hotels Corp.*, No. 95-466-CIV-ORL-19, 1997 WL 893874 (M.D. Fla. Sept. 26, 1997), is apropos:

> The Court finds that though Defendant may not have violated the letter of Rule 3.01(c), it violated the spirit of the Rule. Defendant filed two motions for summary judgment on the same day with separate memoranda and separate statements of fact all totaling sixty (60) pages of filings. The purpose behind rule 3.01(c) is to limit the pages of filings to better allow the Court with its severely limited resources and extremely heavy case load to thoroughly review all submissions.

*Id*. at 5-6, *aff'd,* 132 F.3d 46 (11th Cir. 1997).

Indeed, the facts of this case are nearly identical. On October 16, 2024, Portofino filed its nearly 8,000 word response to Westchester's Renewed Motion to Vacate (DE 298), followed 30-minutes later by another nearly 8,000 word response on the same subject matter (DE 299). Portofino has sought leave to exceed the word limit in the past (DE 219 at 8), and as such is well-aware of Local Rule 7.1(F)[4] which

---

[4] *See* Local Rule 7.1(F) ("In extraordinary circumstances, the Court may grant leave to file a longer memorandum, but doing so is disfavored. A party who moves for leave to file a longer

4

required it to seek leave of court *before* doing so here. For this reason, Portofino's unauthorized filing (DE 299) should be stricken. *See Venerus v. Avis Budget Car Rental, LLC*, No.: 6:13-CV-921-CEM-GJK, 2021 WL 9595511, *3 (M.D. Fla. July 28, 2021) ("Plaintiff's end-run around the page limits is impermissible. Accordingly, Plaintiff's Responses will not be considered beyond the limited purpose of noting that Defendants' Motion to Exclude is opposed. . . .").

Alternatively, the Court should enter an order providing Homeland, Landmark, and the remainder of the Excess Carriers the opportunity to file a 3,200 word reply pursuant to Local Rule 7.1(I).

## **CONCLUSION**

For the reasons articulated herein, the Court should strike Portofino's Response to the Notices of Joinder, or instead provide Homeland, Landmark, and the remainder of the Excess Carriers 20-days from the date of any such order to file a 3,200 word reply thereto.

## **CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(B) and (C), the undersigned hereby certifies that he conferred with counsel for Portofino via e-mail more than 24-hours prior to filing this motion, but as of yet the parties have been unable to resolve this issue. In the

---

memorandum may attach the proposed memorandum to the motion if all opposing parties consent to the motion; otherwise the party must obtain leave to file the longer memorandum before tendering the longer memorandum.").

event that the parties are able to reach a resolution, the undersigned will promptly notify the Court through an amended filing.

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.1(F), the undersigned hereby certifies that this motion contains 1,149 words, including headings, footnotes, and quotations, but excluding those portions that the rule exempts from the word count requirement.

Dated January 10, 2025

                              Respectfully submitted,

                              /s/ Jordan S. Kosches
                              Jack R. Reiter, Esq.
                              Florida Bar No.: 0028304
                              jack.reiter@gray-robinson.com
                              Jordan S. Kosches, Esq.
                              Florida Bar No.: 49881
                              jordan.kosches@gray-robinson.com
                              **GRAYROBINSON, P.A.**
                              333 SE 2nd Avenue, Suite 3200
                              Miami, Florida 33131
                              Telephone: (305) 416-6880
                              Facsimile:  (305) 416-6887

                              *Counsel for Plaintiff Colony Insurance Company*

                              /s/ David C. Bibb
                              David C. Bibb, Esq.  (Fla. Bar No.: 190330)
                              Brian P. Henry, Esq. (Fla. Bar No.: 0089069)
                              **ROLFES HENRY CO., LPA**
                              3165 McCrory Place, Suite 174
                              Orlando, Florida 32803
                              Telephone: (407) 284-4990
                              Email: dbibb@rolfeshenry.com

rkitchens@rolfeshenry.com
bhenry@rolfeshenry.com
kmcclintock@rolfeshenry.com

*Counsel for Plaintiffs Independent Specialty Insurance Company, Interstate Fire & Casualty Company, and Lloyd's of London*

/s/ Elizabeth D. Salinas
Wayne D. Taylor, Esq.
Georgia Bar No.: 701275
*Admitted in USDC NDFL*
**MOZLEY, FINLAYSON & LOGGINS LLP**
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338
Telephone: (404) 256-0700
Facsimile: (404) 250-9355
wtaylor@mfllaw.com
Elizabeth D. Salinas, Esq.
Florida Bar No.: 113394
**MOZLEY, FINLAYSON & LOGGINS LLP**
4767 New Broad Street
Orlando, Florida 32814
Telephone: (404) 256-0700
esalinas@mfllaw.com

*Counsel for Plaintiff Landmark American Insurance Company*

/s/ Heidi Hudson Raschke
Heidi Hudson Raschke, Esq.
Florida Bar No.: 61183
hraschke@carltonfields.com
Madison E. Wahler, Esq.
Florida Bar No.: 1019015
mwahler@carltonfields.com
**CARLTON FIELDS, P.A.**
4221 W. Boy Scout Blvd, Suite 1000
Tampa, Florida 33607
Telephone: (813) 223-7000

7

-and-

Amanda D. Proctor (*admitted pro hac vice*)
Georgia Bar No.: 776848
**CARLTON FIELDS, P.A.**
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309
Telephone: (404) 815-3400
aproctor@carltonfields.com

*Counsel for Plaintiff Homeland Insurance Company of New York*

/s/ Aaron Konstam
Eric A. Hiller, Esq.
Florida Bar No.: 27920
eric.hiller@kennedyslaw.com
Aaron Konstam, Esq.
Florida Bar No.: 104765
aaron.konstam@kennedyslaw.com
**KENNEDYS CMK LLP**
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Telephone: (305) 371-1111

*Counsel for Plaintiff James River Insurance Company*

/s/ John David Dickenson
John David Dickenson, Esq.
Florida Bar No.: 575801
jdickenson@cozen.com
Alexandra J. Schultz, Esq.
Florida Bar No.: 122100
aschultz@cozen.com
Juan P. Garrido, Esq.
Florida Bar No.: 0118678
jgarrido@cozen.com
**COZEN O'CONNOR**

8

        1801 N. Military Trail, Suite 200
        Boca Raton, FL 33431
        Telephone: (561) 515-5250
        Facsimile:  (561) 515-5230

*Counsel for Plaintiffs Evanston Insurance Company, Aspen Specialty Insurance Company, and Maxum Indemnity Company*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 10, 2025, the foregoing was served via CM/ECF to all counsel of record.

/s/ Jordan S. Kosches